**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 06-44-JBC**

**JUDITH GROSE,**                                                                          **PLAINTIFF,**

**V.**                              <u>**MEMORANDUM OPINION AND ORDER**</u>

**BANK ONE, N.A.,**
**now JPMORGAN CHASE BANK, N.A.,**                                        **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the motion in limine of the defendant,

Bank One, N.A., now JPMorgan Chase Bank, N.A. ("Chase").  R. 91.  The court,

having reviewed the record and being otherwise sufficiently advised, will grant the

motion.

On May 22, 2008, the court ordered that "[n]o later than seven (7) days

prior to pretrial conference, counsel . . . shall provide to opposing counsel copies of

all . . . exhibits and of all demonstrative aids intended to be used at trial."  R. 48.

The court further ordered the parties to file agreed proposed jury instructions or, if

they could not agree, separate proposed jury instructions at the time of the pretrial

conference.  R. 48.  Pursuant to the court's order, the parties filed their exhibit lists

and exchanged exhibits.  On her exhibit list, Ms. Grose listed "Damage Summary

Chart (Demonstrative Exhibit)" as exhibit 52.  R. 55.  This summary chart includes

damages only through 2008.  R. 86-2.

At the pretrial conference, the defendant objected to the plaintiff's inclusion

of certain items, such as attorney fees, liquidated damages, and interest, on the summary chart, arguing that such categories of recovery, if applicable, were matters for the court and not the jury.  The court agreed and ruled that the plaintiff may use a summary chart, but that it may contain only damages relating to actual wage loss.  Exhibit 52 included only damages through 2008; it made no reference to front pay, nor was the issue raised at the pretrial conference.  The court directed the plaintiff to eliminate the improper categories from her exhibit but did not permit the addition of any categories of relief.  The court permitted the defendant to submit a responsive exhibit.  The court ordered the parties to exchange their amended exhibits no later than two weeks before trial.  On January 13, 2009, the plaintiff filed a second amended exhibit list, which included two damage summary charts.  R. 83.  The first chart, exhibit 53, was the amended damages summary which the court had directed the plaintiff to file.  R. 86-7.  The second chart, exhibit 54, included lost wages from the date of trial through 2021.  R. 86-8.  This was the first time the plaintiff requested such an award, which is known as "front pay."

The court permitted the parties to amend their exhibits and exhibit lists following the pretrial conference so that the exhibits which had already been exchanged could be revised in order to comply with the court's order.  The court did not authorize the parties to include new exhibits or items of recovery that were not previously exchanged or included in the exhibit lists.

Furthermore, Ms. Grose limited her request for damages to the time of trial in her proposed jury instructions.  On December 11, 2008, the plaintiff filed her proposed jury instructions in accordance with the court's scheduling order.  R. 60.  On her proposed "Verdict Form No. 2," the plaintiff used these phrases:

> you must award the plaintiff the amount of any wages, salary, and employment benefits plaintiff would have earned in plaintiff's employment with defendant if plaintiff had not been discharged on August 9, 2004 *through the date of your verdict*

and

> What sum or sums you believe from the evidence will fairly and reasonably compensate the Ms. Grose [sic] for lost wages *up to and including the date of trial*

R. 60, at p. 7. (emphasis added).  The plaintiff did not request the court to instruct the jury on lost wages after the date of trial.

Finally, the plaintiff points to nothing -- other than a general reference to future lost wages, *as a component of compensatory damages*, in her Rule 26(a)(1) disclosures and an interrogatory answer -- which would have alerted the defendant that she seeks front pay.  She does not claim, for example, to have cautioned the defendant, either during settlement negotiations or otherwise, that it was facing the possibility of a seven-figure verdict.  This distinguishes her, at least in part, from the plaintiff in *Johnson v. Pioneer Credit Co.*, No. 1:06-cv-164, 2008 WL 295900 (W.D. Ky. July 30, 2008), upon which she relies.  Even more fundamentally, however, front pay is a distinct category of recovery, separate and apart from

3

compensatory damages.  Front pay is an equitable remedy, not compensatory damages, the entitlement to which involves several factors which should have been explored during discovery, some of which may require expert rebuttal by the defendant.  *See, e.g., Arban v. West Publishing Corp.*, 345 F.3d 390, 405-06 (noting front pay is equitable in nature); *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1160 (6th Cir. 1985) (reciting factors); *Baker v. John Morrell & Co.*, 263 F.Supp.2d 1161, 1176 (N.D. Iowa 2003) (reciting factors).  For the plaintiff to claim an entitlement to front pay at this late date, without any advance notice, simply transforms the case from one in which compensatory damages are involved to one in which far broader relief, of an entirely different nature, is sought.

In addition to altering the nature of relief she seeks, the plaintiff has acted too late.  She failed to include a request for front pay in her exhibit list or her proposed jury instructions.  In addition, her original damages summary chart did not list front pay.  The deadlines for the plaintiff to file her exhibit list and proposed jury instructions and to exchange her exhibits with the defendant expired before she included the front-pay exhibit.  Therefore, the plaintiff has waived her right to claim front pay, and her exhibit 54, "Damages Summary Chart 1/27/2009 through 2021," must be excluded.

Along with the plaintiff's failure to mention front pay in her exhibit list or proposed jury instructions, she failed to disclose this information in her Rule 26(a) disclosures and responses to the defendant's interrogatories.  Ms. Grose claimed

4

that her damages were "continuing in nature" and that "an amount cannot be fixed at this time."  R. 86-9, at p. 5; R. 86-10, at pp. 15-16.  Nevertheless, she still had a duty to supplement, in a timely manner, any incomplete Rule 26(a) disclosure or interrogatory response.  FED. R. CIV. P. 26(e)(1)(A).  At no time did she indicate that "continuing" loss would extend beyond the trial date.  That was true even in her pretrial compliance documents and at the pretrial conference.  Ms. Grose's failure to provide information related to front pay, as required by FED. R. CIV. P. 26(a) and (e), precludes her from using that information at trial.  FED. R. CIV. P. 37(c)(1).  Furthermore, the court finds that the plaintiff's attempt to claim front pay at such a late stage of the litigation creates an unfair surprise to the defendant and is unduly prejudicial.

In an attempt to eliminate – or at least lessen – any such prejudice, the court bifurcated this trial between liability and damages.  However, the delay in time between the liability phase of trial and the damages phase is insufficient to remove such prejudice, given the essential nature of the difference created by the late addition of the equitable remedy of front pay.

Accordingly,

**IT IS ORDERED** that the defendant's motion in limine [R. 91] is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion for leave to file supplemental reply and memorandum in support [R. 112] is **GRANTED**.

Signed on  February 13, 2009

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6